UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ANTHONY ROBLES,<br><br>Defendant. | No. 2:12-cr-00424-TLN<br><br><br><br>**ORDER** |

This matter is before the Court pursuant to Defendant Michael Robles's ("Defendant") Motion for Judicial Recommendation for Halfway House Placement.[1] (ECF No. 71.) The Government has not filed a response. For the reasons set forth below, Defendant's Motion for Judicial Recommendation is GRANTED.

**I.   PROCEDURAL HISTORY**

On May 23, 2013, Defendant pleaded guilty to (1) conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and § 841(a)(1), and (2) possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). On August 8, 2013, the Court sentenced Defendant to a term of 121 months in prison

---

[1] On February 14, 2020, Defendant, proceeding *pro se*, filed a letter, which the Court construes as a motion seeking a judicial recommendation to the Federal Bureau of Prisons ("BOP") for placement in a halfway house for 12 months preceding his release from confinement.

1

and 60 months of supervised release for each count to be served concurrently. On November 19, 2015, the Court amended its judgment and reduced Defendant's sentence to a 120-month term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

## II.   LEGAL STANDARD

"Two statutory provisions govern the BOP's authority to place inmates in its custody in [residential re-entry centers ("RRCs")]: 18 U.S.C. §§ 3621(b) and 3624(c)." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). Section 3621(b) "governs the BOP's authority in cases where a prisoner who has more than a year left to serve his or her prison sentence requests a transfer to a [RRC]." *Id.* Section 3624(c)(1), as amended by the Second Chance Act of 2007, provides that the BOP

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). A sentencing court may make a recommendation that a prisoner serve a term of imprisonment in an RRC. 18 U.S.C. § 3621(b). A judicial recommendation is one factor that the BOP considers in determining a prisoner's placement, but a recommendation has "no binding effect" on the BOP to determine or change a prisoner's placement. 18 U.S.C. § 3621(b).

## III.   ANALYSIS

Defendant states that release into a halfway house for a longer period will help him transition back into the community. Defendant states that he does not have sufficient savings to secure housing or a car on his release, but he believes a 12-month halfway house placement will give him the time he needs to get a job, buy a car, secure housing, and build a support network in his community. Defendant indicates that while in prison, he earned his GED and completed vocational courses and other programs that will help him get a career and maximize his chances for a successful release and a law-abiding life. He also indicates that he successfully completed the residential portion of BOP's 500-hour drug abuse treatment program ("RDAP"). Defendant attaches many certificates of completion, a letter of recommendation, and other documents as

evidence of his considerable and commendable efforts to improve himself while in prison.

Defendant has a relatively light criminal history — most of his criminal history points came from repeatedly driving with a suspended license between the ages of 18 and 19. Moreover, the conditions of supervised release as outlined in the presentencing report and the fact that Defendant has been successful in the RDAP program make it less likely that he will become involved with drugs in the future.

Defendant has described the resources available if he were confined in a halfway house facility, how he would benefit from those resources, and how they may aid his re-entry.  He appears to have made admirable efforts so far and to be a good candidate for successful rehabilitation.  *See, e.g.*, *United States v. Bartels*, No. 12–CR–20072, 2016 WL 6956796, at *1 (E.D. Mich. Nov. 29, 2016) (finding prisoner was a good prospect for successful rehabilitation because he was relatively young, cooperated with prosecutors in his case, and participated in five BOP rehabilitation programs); *United States v. Baker*, No. 3:01–CR–94–01–MHT, 2013 WL 355867, at *1–2 (M.D. Al. Jan. 29, 2013) (citing substantial evidence of prisoner's stellar prison record and recommendations from two BOP supervisors); *United States v. Qadri*, No. CR–06–00469–LEK, 2017 WL 1011663, at *1–2 (D. Haw. Mar. 15, 2017) (citing prisoner's good conduct and compliance with release conditions during six years of pretrial release and two years of appeal release, lack of prior criminal history, and completion of multiple prison rehabilitation classes).

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Judicial Recommendation (ECF No. 71) and recommends that BOP place Defendant in an appropriate pre-release placement for the maximum time for which he is eligible, not to exceed 12 months.

IT IS SO ORDERED.

DATED:  April 16, 2020

Troy L. Nunley
United States District Judge